UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RACHELLE SHARP, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Commissioner of Social Security, <br><br> Defendant. | CASE NO. C12-5570 RJB <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND REMANDING CASE TO COMMISSIONER |

This matter comes before the court on the Report and Recommendation of the Magistrate Judge. Dkt. 21. The court has reviewed the relevant record and the remainder of the file herein.

Plaintiff filed this case for judicial review of defendant's denial of her applications for disability insurance and supplemental security income benefits. Plaintiff contends that the Commissioner's final decision should be reversed because (1) the ALJ erred in giving greater weight to Alfred Jonas, M.D., the medical expert who testified at the second hearing, than to plaintiff's treating physician, Janet Dunn, M.D.; and (2) in finding none of plaintiff's

impairments met or medially equaled 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04 (Listings 12.04B and 12.04C).

On August 2, 2013, U.S. Magistrate Judge Karen L. Strombom issued a Report and Recommendation, concluding that the ALJ erred in determining that none of plaintiff's impairments met or medically equaled Listing 12.04C, primarily because the ALJ did not address an August 2009 hospitalization [the Magistrate Judge stated that the hospitalization was in September of 2009, but the record shows it was in August].  The Magistrate Judge declined to address the first issue plaintiff raised in this appeal, on the basis that the issue of Listing-level severity may be determinative if resolved in plaintiff's favor.

On August 16, 2013, defendant filed objections to the Report and Recommendation.  Dkt. 23.  Defendant maintains that the Magistrate Judge erred in recommending remand.  Defendant argues that he ALJ considered an August, 2009 hospitalization and determined that it was not an episode of decompensation because the hospitalization lasted only one day.  As a result, defendant argues that the ALJ properly determined that plaintiff did not meet or medically equal the requirements for a Listing.

On August 30, 2013, plaintiff filed a response to the objections, contending that the record is unclear as to how long plaintiff was in the hospital in August of 2009; even if the hospitalization does not qualify as being of extended duration, the incident could still qualify as a decompensation; and, if the court concurs with defendant's objections, this court should rule on the propriety of the ALJ's treatment of Dr. Dunn's opinion.  Dkt. 24.

The record of the August 2009 hospitalization is at Dkt. 12-8, pp. 112-127 (TR 410-415).  Plaintiff presented to the emergency room with a history of bipolar disorder and thoughts of self harm.  Dkt. 12-8, at 124.  The record indicated that plaintiff was "NOT TRANSFERRED" (Dkt.

12-8, at 124); the record also indicated that plaintiff was "admitted to our mental health service" (Dkt. 12-8, at 124. The Magistrate Judge was correct in concluding that, at the very least, there is an open question as to how long the hospitalization lasted. Further, as the Magistrate Judge noted, even if the August 2009 hospitalization did not last the full two weeks, the ALJ may have found the Listing to have been medically equaled, citing 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.00C.4. Defendant's objections are not persuasive. The court should adopt the Report and Recommendation.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation (Dkt. 21) is **ADOPTED**. The decision of the Commissioner is **REVERSED** and **REMANDED** to the Commissioner for further administrative proceedings.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of September, 2013.

_____
ROBERT J. BRYAN
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION AND REMANDING CASE
TO COMMISSIONER- 3